Booth, Chief Justice,
delivered the opinion of the court:
The facts of this case appearing of record, and which are . not in dispute, disclose a state of affairs decidedly peculiar and unusual in cases of a somewhat similar character involving pay alleged to be due a warrant officer of the Army.
The plaintiff, a warrant officer of the Army, while in an • active-duty status at the Presidio of San Francisco, California, was, on March 8,1929, taken into custody by the civil authorities of the State, charged with the murder of his mother-in-law. On March 29, 1929, an information setting ■ forth the offense was filed in the superior court of the State, . and the plaintiff on April 5,1929, was arraigned and entered : a plea of not guilty by reason of insanity. The plaintiff was brought to trial on the information and plea, and on May 9, 1929, the jury rendered a verdict of guilty of murder in the ; second degree. Plaintiff was thereafter, under the laws of the State, tried upon the issue of insanity alone, and the jury impaneled to hear the issue returned a verdict on May 21, 1929, that he was not guilty of the offense charged, by reason of insanity. May 22, 1929, plaintiff was duly committed to the Mendocino State Hospital for the Insane, at Talmage, California, and remained there until June 17, 1930.
On June 17, 1930, plaintiff was released from the insane hospital by a writ of habeas corpus and at once returned to ' his military station, being thereafter by proper military authority ordered to a general hospital for treatment, where he remained until October 31, 1930. He was finally retired from active service, January 31, 1931, by reason of physical ■ disability incident to the service. This suit is for the re- . covery of his pay and allowances withheld from him from •. the date of his detention by the civil authorities to the date *564 of his release from the insane hospital. The amount is $3,722.10.
The briefs of counsel cite a number of Army regulations and decisions of this and the Supreme Court, which we think in a final analysis concede the right in the first instance to withhold the pay and allowances involved, whether that right was exercised in pursuance of authority to be found in a regulation or a statute of the United States. The final issue is dependent, in view of the facts, upon the existence of lawful authority to forfeit the pay of the plaintiff subsequent to the final close of the events which gave rise to the impounding of the same during their continuance. Army regulations 35-2480, paragraph 11, provides:
“ Detention by civil authorities for trial. — * * * His right to pay and allowances after date of arrest and to travel pay is dependent upomthe final action of the civil authorities; if convicted, he is not entitled to j)ay and allowances after date of arrest or to' travel pay; if acquitted he is entitled to pay and allowances to date of discharge and to. travel pay.”
Section 1265, Revised Statutes, provides:
“ Seo. 1265. Officers when absent on account of sickness or wounds, or lawfully absent from duty and waiting orders,, shall receive full pay; when absent with leave, for other causes, full pay during such absence not exceeding in the-aggregate thirty days in one year, and half pay during such absence exceeding thirty days in one year. When absent without leave they shall forfeit all pay during such absence,, unless the absence is excused as unavoidable.”
We have quoted the above Army regulation and section of" the Revised Statutes because the plaintiff contends that the regulation is applicable to enlisted men only, and the plaintiff being an officer of the Army the statute alone applies.. We think the regulation applies. The plaintiff is not an officer in the strict military sense; his rank is attained by appointment by the Secretary of War and not in virtue of a commission issued to him subsequent to appointment by the President and confirmation by the Senate. His status is-one known as a noncommissioned officer and ranks next, below a second lieutenant.
*565 The vital point in the case is centered upon the single question as to whether the plaintiff was acquitted of the offense charged, in the sense and meaning given to the word in the existing regulation. The plaintiff’s argument is addressed to the technical legal meaning of “ acquitted ” and contends that one adjudicated insane at the time of the commission of a criminal offense is absolutely guiltless, and such an adjudication is in law the equivalent in all respects of an acquittal. Plaintiff also contends that, in addition to this legal proposition, the jury impaneled to inquire into the plaintiff’s sanity at the time the offense was committed returned a verdict finding the plaintiff “ not guilty by reason of insanity.”
We may concede the force of plaintiff’s contention from a strictly legal standpoint, but such a concession does not, we think, determine the issue. The regulation is to be given effect in accord with its obvious purpose and intent. It uses the word “ acquitted ”, but the situations which brought about its adoption must be taken into consideration in ascertaining the extent of and the circumstances under which an acquittal of a criminal offense will enable one to obtain its benefits. We are not inclined to believe that the regulation was worded with a technical legal meaning of the word “ acquitted ” in view, for in instances where there may be a legal adjudication of not guilty of the offense charged, nevertheless, if it appears that such an adjudication was brought about by any sort of reparation on the part of the accused to avoid a trial, the regulation is inapplicable and pay and allowances will be forfeited.
The regulation sought to accomplish a return of impounded pay in cases of criminal charges against a soldier when an adjudication, legal in all respects, acquitted him of the same and as a result of said acquittal the soldier regained his liberty and was again available for military duty by reason of innocence; in other words, when the soldier’s detention by the civil authorities was disclosed to be without legal warrant and his release from civil custody enabled, his return to his post of duty. Obviously there was apparent necessity for a provision for forfeiture of his pay, if found guilty or lawfully retained in custody of the civil authorities.
*566 This case, an unusual one from the standpoint of facts, discloses that the plaintiff by the commission of a criminal act caused the civil authorities to secure his release from military authority, and that thereafter he was tried and convicted of murder in the second degree. On his plea of not guilty, by reason of insanity, a second trial was had, and he was adjudicated not guilty by reason of insanity, but this final adjudication did not release him from the custody of the civil authorities; the plaintiff did not regain his liberty. True, he escaped the penalty of second degree murder, but in doing so he incurred a commitment to an insane hospital, there to remain until released by an adjudication of the civil court that he had regained his sanity. During all this time the plaintiff was under the jurisdiction of the civil authorities of the State of California; he was lawfully detained in consequence of the commission of a criminal act, and at no time was he in any sense available for military duty by a judgment of any court. The situation is vastly different from one where after trial an unconditional acquittal follows.
While technically it may be said he was acquitted of second degree murder by reason of insanity, it cannot as a matter of fact, or within the meaning and intent of the regulations, be said that the plaintiff escaped the consequences of an act, or that which he did was of such a character as to release him temporarily from military duty. The act which was committed was responsible, as the judgments of the court attest, for the loss of his individual liberty for the time confined ; and we believe that, notwithstanding the pathetic and distressing affliction of insanity, where a soldier sets in motion a legal procedure that takes him from the Army and places him within the jurisdiction of the civil courts, and such courts in pursuance of law retain jurisdiction and control because of the commission of the act, during that time he is not entitled to pay and allowances provided by law. The regulation, we think, was not intended to award pay under the above conditions.
The case is different from one where a man in the military service becomes insane and by reason of his affliction must *567 be confined in an asylum. This class of afflicted persons is committed to Government hospitals for treatment; their removal from Army service is due to insanity and no other cause, and when confined it is accomplished in the first instance by military requests or procedure, and under military regulations. They are not removed from the service by the-interposition of the civil authorities but treated as incapacitated, by reason of insanity, for performing Army duties..
The court has had occasion to pass upon a number of' cases involving issues similar to the present one. We cite-the cases, although in no one of them will be found a state of facts like the present one: Walsh v. United States, 43 C.Cls. 225; Carrington v. United States, 46 C.Cls. 279; White v. United States, 72 C.Cls. 459; Haas v. United States, 67 C.Cls. 437; Dodge v. United States, 33 C.Cls. 28.
The petition should be dismissed. It is so ordered.
Whalet, Judge; Williams, Judge; LittletoN, Judge; and GeeeN, Judge, concur.